## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

WILLIAM MCGHEE,

     Plaintiff,

     v.                                                                      No. CIV 14-00102-WJ/GBW

SUSANA MARTINEZ, *Governor*,
JAMES R. BREWSTER, *General Counsel,*
*New Mexico Corrections Department (NMCD)*,
GREGG MARCANTEL, *Secretary of*
*Corrections*, STEVE NANCE, *Warden,*
*Southern New Mexico Correctional Facility*
*(SNMCF)*, FNU MULHERON, *Deputy*
*Warden (SNMCF)*, FNU CHAVEZ,
*Correctional Officer*, FNU TREJO,
*Sergeant, SNMCF*, FNU SAENZ,
*Lieutenant, SNMCF, and other currently*
*unnamed and unidentified co-conspirators*,

     Defendants.

### MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint.   [Doc. 2]   Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis.   For reasons set out below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted."   The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity

to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Defendant James R. Brewster, General Counsel of the New Mexico Corrections Department (NMCD), conspired with named and unnamed Defendants to poison Petitioner and all other inmates in the custody of the NMCD.[1] The complaint further alleges that "a rogue pharmaceutical company with deep pockets attempting to get around federal regulations on testing drugs" is behind the conspiracy. [Doc. 2 at 10, 18] The alleged motivation for the poisonings was "to deter/punish/prevent [Petitioner] from litigating" a civil rights case that Plaintiff previously had filed in the United States District Court for the District of New Mexico. *See McGhee v. Ulibarri, et al.*, 11-CV-640-JCH-WPL. Plaintiff contends that the poison initially was administered via his medication and food supply, but when Plaintiff became "adept at dodging the [food] trays that were poisoned . . . instead of taking a chance and poisoning <u>another</u> inmate who would then verify that they were poisoning [Plaintiff], they drugged <u>everyone's</u> food in an attempt to put [Plaintiff] to sleep to slow him up from litigating." [Doc. 2 at 10 (emphasis in original)] The Complaint seeks compensatory damages, punitive damages, and injunctive relief.

This is not the first civil rights complaint Plaintiff has filed in which he has alleged that he

---

1 Plaintiff originally filed his complaint as a class action under Fed. R. Civ. P. 23, but the Court dismissed the claims brought on behalf of other inmates. [Doc. 4 (citing *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321, (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others."))]

2

is the target of a poisoning conspiracy.   In *McGhee v. Ulibarri, et al.*, 11-CV-640-JCH-WPL, the Court dismissed Plaintiff's allegations that certain Defendants had poisoned him because these allegations did not state a plausible claim for relief.   *See id.* at Doc. 8 (filed on April 4, 2012). The Court explained as follows:

> In the first place, Plaintiff bases this claim exclusively "on information and belief," making no allegation that he observed the poisoning or suffered symptoms therefrom.   Claims that are "supported by mere conclusory statements, do not suffice." *Ahscroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).   Furthermore, his allegation that Corrections Department counsel (Defendant Haught) ordered Defendant Morgan to poison him is implausible*, see Twombly*, 550 U.S. at 570, and is also based only on "information and belief."   The complaint fails to plead "factual content that allows the court to draw the reasonable inference that the defendant[s are] liable for the [poisoning] alleged."   *Silver v. Glass*, No. 11-2153, 2012 WL 130706, at *5 (10th Cir. Jan. 18, 2012) (citing *Iqbal*, 129 S. Ct. at 1949).

*Id.*

Under § 1915(e)(2)(B)(i), a complaint is frivolous if it contains "inarguable legal conclusion[s]" or "fanciful factual allegation[s]."   *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The statute confers upon the Court "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," for example, "claims describing fantastic or delusional scenarios."   *Id.* at 327-28.   Thus, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible."   *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

In the present case, Plaintiff's complaint alleges that Defendants participated in a vast conspiracy with a rogue pharmaceutical company to poison Plaintiff and all other inmates in the custody of NMCD in order to deter, punish and/or prevent Plaintiff from litigating in *McGhee v. Ulibarri, et al.*, 11-CV-640-JCH-WPL.   The Court concludes that the factual allegations in

Plaintiff's complaint, when viewed as a whole, are frivolous under § 1915(e)(2)(B)(i).   Therefore,

Plaintiff's complaint will be dismissed.

   IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED; and judgment

will be entered.

_____

UNITED STATES DISTRICT JUDGE