IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WILLIAM MCGHEE,

    Plaintiff,

     v.                                                                               No. CIV 14-00102-WJ/GBW

SUSANA MARTINEZ, *Governor*,
JAMES R. BREWSTER, *General Counsel,*
*New Mexico Corrections Department (NMCD)*,
GREGG MARCANTEL, *Secretary of*
*Corrections*, STEVE NANCE, *Warden,*
*Southern New Mexico Correctional Facility*
*(SNMCF)*, FNU MULHERON, *Deputy*
*Warden (SNMCF)*, FNU CHAVEZ,
*Correctional Officer*, FNU TREJO,
*Sergeant, SNMCF*, FNU SAENZ,
*Lieutenant, SNMCF, and other currently*
*unnamed and unidentified co-conspirators*,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court on Plaintiff's Motion to Alter or Amend Judgment pursuant to Fed. R. Civ. P. 59, filed on June 22, 2015. [Doc. 12] In his motion, Plaintiff contends that the Court improperly dismissed his civil rights complaint because the Court erred: (1) in its analysis of supervisory liability under *Al-Kidd v. Ashcroft*, 580 F.3d 949, 964-65 (9th Cir. 2009); (2) its analysis of deliberate indifference under the Eighth Amendment; (3) its application of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); and (4) by not reading pages 19 through 31 of Plaintiff's civil rights complaint, which described the poisoning symptoms suffered by Plaintiff. [Doc. 12] For the reasons set forth below, Plaintiff's motion will be denied.

    On February 3, 2014, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983,

alleging that Defendants conspired with a rogue pharmaceutical company to poison Plaintiff and all other inmates in the custody of the New Mexico Corrections Department. [Doc. 2] The alleged motivation for the poisonings was "to deter/punish/prevent [Plaintiff] from litigating" a civil rights case that Plaintiff previously had filed in the United States District Court for the District of New Mexico. *See McGhee v. Ulibarri, et al.,* 11-CV-640-JCH-WPL. The complaint alleged that after Plaintiff became "adept at dodging the [food] trays that were poisoned . . . instead of taking a chance and poisoning another inmate who would then verify that they were poisoning [Plaintiff], [Defendants] drugged everyone's food in an attempt to put Plaintiff to sleep to slow him down from litigating." [Doc. 2 at 10 (emphasis in original)]. On June 10, 2015, the Court dismissed Plaintiff's civil rights complaint because it determined that the factual allegations contained therein, when viewed as a whole, were frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). [Doc. 10] *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989) (holding that § 1915 confers upon the Court "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," for example, "claims describing fantastic or delusional scenarios"); *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (noting that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible").

Relief under Rule 59 "is normally granted only to correct manifest errors of law or to present newly discovered evidence." *Jennings v. Rivers*, 394 F.3d 850, 854 (10th Cir. 2005) (internal quotation marks and citation omitted). Plaintiff's argument that the Court erred in its analysis of supervisory liability, the Eighth Amendment, and *Iqbal*, 556 U.S. at 662, lacks merit because the Court did not dismiss Plaintiff's civil rights complaint due to a failure to allege sufficient facts establishing supervisory liability, deliberate indifference under the Eighth

Amendment, or to state a claim under *Iqbal*, 556 U.S. at 662.  Rather, as previously explained, the Court dismissed Plaintiff's civil rights complaint because the factual allegations contained therein, when viewed as a whole, were frivolous under § 1915(e)(2)(B)(i).  [*See* Doc. 10 at 3-4] The Court recognizes that Plaintiff's civil rights complaint described in extensive detail the physical symptoms Plaintiff allegedly suffered as a consequence of the poisoning conspiracy. Nonetheless, the Court "pierce[d] the veil of the complaint's factual allegations" and dismissed Plaintiff's civil rights complaint as baseless because it described "fantastic or delusional scenarios."  *Neitzke v. Williams*, 490 U.S. at 327-328.

Plaintiff has failed to identify any manifest errors of law or newly discovered evidence that would merit relief under Rule 59.  Therefore, Plaintiff's Motion to Alter or Amend Judgment will be denied.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Alter or Amend Judgment [Doc. 12] is DENIED.

_____
UNITED STATES DISTRICT JUDGE